# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00019-CR

**Samuel Worthen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAV IS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 001940, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

Appellant Samuel Worthen was convicted as a party to the robbery at gunpoint of Patricia Contreras, the assistant manager of an Austin pawn shop. *See* Tex. Pen. Code Ann. § 29.03(a)(2) (West 1994); *see also id*. § 7.02. It is undisputed that the robbery was committed by Jeff Lee. Worthen's criminal responsibility for the crime was proved primarily through the testimony of two witnesses, Talia Thompson and Thomas Debrow. The district court instructed the jury that Thompson was an accomplice as a matter of law, but submitted the question of Debrow's status as an accomplice to the jury as a fact question. By two points of error, Worthen contends the court should have instructed the jury that Debrow was an accomplice as a matter of law, and that the accomplices' testimony was not corroborated by evidence tending to connect Worthen to the robbery.

*See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice witness rule). We will overrule these contentions and affirm the conviction.[1]

Thompson was a sixteen-year-old runaway who lived in a house in San Antonio with Worthen, his young son, his mother, and his friend Jimmy Barnett. Thompson testified that on the night preceding the robbery, she heard Worthen, Barnett, and Lee plan the robbery at Worthen's house. Later that night, the four drove to Austin in Worthen's mother's car, taking with them Worthen's pistol and several pillowcases. They checked into a motel upon their arrival in Austin and briefly slept. They left the motel around 9:00 a.m. According to the plan, Thompson was to enter the pawnshop and pretend to be interested in purchasing jewelry, thereby causing the clerk to open the jewelry case. Lee would then enter with the pistol and steal jewelry and cash, while Thompson pretended to be a frightened bystander. Thompson was to leave the pawnshop shortly after Lee, and the four were to then meet at a restaurant in the area.

The nonaccomplice testimony shows that the robbery went as planned, but things soon went downhill for the robbers. The police arrived at the pawnshop before Thompson could leave. Thompson's suspicious behavior and vague, conflicting answers to questions caused the police to suspect that she was involved in the robbery. Thompson ultimately led the police to the motel, where Barnett was found and arrested in the room rented by Worthen. Lee was arrested when he arrived at the motel in Worthen's car. Worthen was arrested while walking nearby.

---

[1] The State urges that because Worthen requested the instruction submitting Debrow's status to the jury as a fact issue, he is estopped from asserting on appeal that Debrow was an accomplice as a matter of law. *See Prystash v. State*, 3 S.W.3d 522, 531-32 (Tex. Crim. App. 1999) (invited error). The record shows, however, that Worthen first asked the court to instruct the jury that Debrow was an accomplice as a matter of law, and that he requested the instruction given only after his preferred instruction was refused. Under the circumstances, the alleged error was not invited.

Debrow testified that he was playing basketball with Worthen, Lee, and Barnett at Worthen's house in San Antonio on the day before the robbery, and that he overheard his friends planning the robbery. Later, when he and Lee returned to Lee's house, Debrow tried to talk Lee out of going to Austin, but Lee told him he needed money to bail his girlfriend (Debrow's sister) out of jail. About midnight, Worthen, Barnett, and Thompson came to Lee's house with Worthen's child. Worthen asked Debrow to babysit the child and said they would be back the next morning. Debrow knew that Worthen and the others were going to Austin to commit a robbery.

Debrow further testified that Lee called him the next day to report that he and his companions were in jail in Austin. Lee called again three days later, said he had been released from custody, and asked Debrow to come get him. Debrow drove to Austin and met Lee. Lee took Debrow to the location where he had hidden the jewelry taken from the pawnshop. Debrow saw a pillowcase in some bushes; when he picked it up and opened it, he saw jewelry and Worthen's pistol. Debrow took the pistol from the pillowcase and dropped it into a bush. Debrow and Lee then returned to San Antonio with the stolen jewelry. Debrow agreed to keep the jewelry at his stepmother's house.

It is often said that an accomplice witness is one who participates with the defendant before, during, or after the commission of the crime. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996); *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). But since the adoption of the current penal code in 1974, a witness whose participation in the crime occurred only after the commission of the offense—that is, a person who would have been considered an accessory after the fact under prior law—is no longer an accomplice witness. *Easter v. State*, 536 S.W.2d 223,

3

228 (Tex. Crim. App. 1976); *Reyna v. State*, 22 S.W.3d 655 (Tex. App.—Austin 2000, no pet.). Further, the witness's participation must involve an affirmative act or omission to promote the commission of the offense. *McFarland*. 928 S.W.2d at 514. A witness is not an accomplice merely because he knew about the crime and failed to disclose it, or even if he acted to conceal it. *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998).

To be subject to the accomplice witness rule, a witness must be susceptible to prosecution for the same offense with which the accused is on trial. *McFarland*, 928 S.W.2d at 514. If the witness has not been charged, he is not an accomplice as a matter of law unless the evidence is sufficient to convict him of the same offense or for a lesser included offense. *Blake*, 971 S.W.2d at 454-55. Because Debrow had not been indicted, he was an accomplice witness as a matter of law only if the evidence shows that he could be successfully prosecuted for the pawnshop robbery or for a lesser included offense.

Worthen contends the following facts made Debrow an accomplice to the pawnshop robbery as a matter of law: (1) he was a friend of Worthen, Lee, and Barnett; (2) he was present when Worthen, Lee, and Barnett planned the robbery; (3) one purpose of the robbery was to raise money for the release of his sister from jail; (4) he agreed to babysit Worthen's child while Worthen went to Austin for the robbery; (5) he went to Austin to get Lee following his release from custody after the robbery; (6) he recovered the stolen goods and stored them; (7) he disposed of the pistol used in the robbery; (8) he was never prosecuted for the robbery but given testimonial immunity. As our previous summary of the applicable law makes clear, Debrow's friendship with the robbers and his advance knowledge of the robbery did not make him an accomplice. Similarly, Debrow's efforts

4

to assist Lee after the robbery, while perhaps opening him to prosecution for hindering apprehension or prosecution, did not make him an accomplice. *See* Tex. Pen. Code Ann. § 38.05 (West Supp. 2001). That Debrow was given testimonial immunity does not necessarily mean that he was subject to prosecution for robbery.

Worthen argues that Debrow was subject to prosecution for the lesser included offense of theft because he knowingly appropriated the stolen property. *See* Tex. Pen. Code Ann. § 31.03(a), (b)(2) (West Supp. 2001). This Court has held, however, that the knowing receipt of stolen property is an offense separate and distinct from the original taking; it is not a lesser included offense of the original taking. *Reyna*, 22 S.W.3d at 659. "[A] knowing receiver of stolen property is not ordinarily an accomplice of the original thief for purposes of requiring corroboration of testimony at the trial of the thief." *Id.* (footnote omitted).

The only fact arguably demonstrating that Debrow affirmatively acted to promote the commission of the pawnshop robbery is his babysitting of Worthen's child while Worthen and the others went to Austin to commit the crime. We are aware of no authority supporting the conclusion that an act so unrelated to the charged offense can, in itself, make one an accomplice or party to the offense. We decline to hold that this conduct made Debrow an accomplice to the robbery as a matter of law.

When it is not clear from the evidence whether a witness was an accomplice, it is sufficient to submit the question to the jury as a fact issue. *Blake*, 971 S.W.2d at 455; *Carrillo v. State*, 591 S.W.2d 876, 882 (Tex. Crim. App. 1979). This is precisely what the district court did in this cause, and we find no basis in the record for concluding that the court erred by doing so. Point of error one is overruled.

5

Worthen's second point of error is premised on our agreeing that Debrow was an accomplice witness as a matter of law. He argues that when Thompson's and Debrow's testimony is excluded from consideration, the remaining evidence is insufficient to connect him to the offense and thereby to corroborate the accomplice testimony. *See Walker v. State*, 615 S.W.2d 728, 731-32 (Tex. Crim. App. 1981) (test for corroboration). We have held, however, that Debrow was not an accomplice witness as a matter of law. To the extent Debrow's testimony is necessary to sustain Worthen's conviction, we assume the jury found that he was not an accomplice. Debrow's testimony corroborated Thompson's, and the testimony as a whole is more than sufficient to support the jury's finding of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review). Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   October 25, 2001

Publish

6