# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00279-CR

**Howard Kenneth Dermody, II AKA Bear, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 51,812, HONORABLE JOE CARROLL, JUDGE PRESIDING

A jury found appellant Howard Kenneth Dermody, II, guilty of capital murder. *See* Tex. Pen. Code Ann. ' 19.03(a)(2) (West 1994). Because the State did not seek the death penalty, the court assessed punishment at imprisonment for life. *See id.* ' 12.31(a); Tex. Code Crim. Proc. Ann. art. 37.071, ' 1 (West Supp. 2002). Appellant contends the district court erred by admitting evidence of extraneous offenses and confidential marital communications, by refusing to instruct the jury that a witness was an accomplice as a matter of law, and by permitting improper jury argument by the prosecutor. We will overrule these contentions and affirm the conviction.

Jacob Henry and Aaron Reynolds gave appellant $400 to purchase cocaine, which appellant was supposed to resell for a profit. Henry and Reynolds were to receive $1000 from the proceeds, while appellant was to keep the rest for himself. Appellant and his girlfriend, Terra Rice, took the $400 to Corpus Christi, where they purchased cocaine. Appellant and Rice then used or gave away the

cocaine, leaving no money to pay Henry and Reynolds. When the men demanded the return of their money, appellant decided to kill them.

Appellant planned the murders with Triston Hernandez and brothers Joe and Lupe DeLaRosa. Hernandez invited Henry and Reynolds to the DeLaRosas=house, ostensibly to discuss another possible drug deal. When Henry and Reynolds arrived, they were taken individually to a bedroom where appellant and Lupe DeLaRosa robbed them and then bludgeoned them to death with a hammer. In this cause, appellant was convicted for the capital murder of Jacob Henry. He was separately tried and convicted for the capital murder of Aaron Reynolds.[1]

Appellant objected to the testimony regarding the cocaine transaction on extraneous offense grounds. *See* Tex. R. Evid. 404(b). The objection was overruled, but the court instructed the jury to consider this evidence only as it reflected on appellant=s motive and the relationship between appellant and the deceased. *See* Tex. Code Crim. Proc. Ann. art. 38.36 (West Supp. 2002). In his first issue, appellant argues that his objection was erroneously overruled.[2]

While evidence of other crimes committed by the defendant are inadmissible solely to prove his bad character, such evidence may be admissible for other purposes. Tex. R. Evid. 404(b). Proof of

[1] That conviction was affirmed in *Dermody v. State*, No. 03-02-00077-CR, 2002 Tex. App. LEXIS 6639 (Tex. App.CAustin Sept. 12, 2002, no pet. h.) (not designated for publication).

[2] Appellant also refers us to the overruling of his objection to evidence concerning his use of Reynolds=s car after the murders, but his brief contains no argument that this ruling was erroneous.

motive is one such permissible purpose. *Id*. In this case, the failed drug deal explained the hard feelings between appellant and the victims that gave rise to the murder scheme. *See Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (evidence of defendant=s sexual assault of victim was admissible to show motive for murder). Crimes are not committed in a vacuum, and the jury is entitled to know all the relevant facts and circumstances surrounding the charged offense. *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986). The district court could reasonably conclude that it was impossible for the jury to fully understand the murder without knowing of the failed drug transaction out of which it arose. *See Barber v. State*, 989 S.W.2d 822, 831-32 (Tex. App.CFort Worth 1999, pet. ref=d) (applying same transaction contextual evidence rule). No error is shown by issue one.

In issue four, appellant urges that the district court erred by overruling his objection to Terra Rice=s testimony regarding confidential spousal communications between herself and appellant. Tex. R. Evid. 504(a). Appellant does not refer us to any particular testimony, but simply complains of Acommunications that expressed animus on the part of Appellant towards the alleged victim of this offense or to communications that referred to plans to commit a crime.@ With regard to the latter, there is no privilege. *Id*. 504(a)(4)(A).

The existence of the confidential communication privilege depends on a finding of a marital relationship. It was undisputed that there was no ceremonial marriage between appellant and Rice. At a hearing outside the jury=s presence, appellant sought to prove they were married by common law. It was appellant=s burden to prove by a preponderance of the evidence that (1) he and Rice had an express or implied agreement to become husband and wife, (2) they cohabited in Texas pursuant to that agreement,

**3**

and (3) they represented to the general public that they were married. *Tomkins v. State*, 774 S.W.2d 195, 208 (Tex. Crim. App. 1987).

Rice testified that she and appellant lived together for one-and-one-half years. Neither she nor appellant told anyone that they were husband and wife. She said she used the name ATerra Dermody@ in letters to appellant following his arrest after he told her Athat if we were married I wouldn=t have to testify against him, and I was scared and I just agreed with him.@ She testified that she had once wanted to marry appellant, but he resisted the idea until after he was in jail. There was also evidence that Triston Hernandez heard appellant refer to Rice as his Aold lady,@ which Hernandez took to mean A[m]arried, going out.@

The trial court is afforded broad discretion in determining the admissibility of evidence or the existence of a privilege, and its ruling will not be reversed absent an abuse of discretion. *Colburn v. State*, 966 S.W.2d 511, 514 (Tex. Crim. App. 1998); *Welch v. State*, 908 S.W.2d 258, 264 (Tex. App.CEl Paso1995, no pet.). On this record, the district court did not abuse its discretion by finding no marital relationship between appellant and Rice. Hence, there was no error in overruling appellant=s assertion of the confidential communication privilege. Issue four is without merit.

Appellant asked the district court to instruct the jury that Rice was an accomplice witness as a matter of law. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice witness rule). The court refused to do so. Instead, the court submitted the issue of Rice=s status as an accomplice to the jury as a fact question. The court=s denial of the requested instruction is the subject of issue three.

A person is an accomplice if she participates before, during, or after the commission of a crime and can be prosecuted for the same offense as the defendant or a lesser-included offense. *Medina v.*

**4**

*State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999). *But see Worthen v. State*, 59 S.W.3d 817, 820 (Tex. App.CAustin 2001, no pet.) (witness whose only participation occurred after commission of crime is not an accomplice witness). The witness=s participation must involve an affirmative act or omission to promote the commission of the offense. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996). Mere presence at the scene of the crime is not enough to make one an accomplice witness. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). A witness is not an accomplice because she knew about the crime and failed to disclose it, or even acted to conceal it. *Medina*, 7 S.W.3d at 641.

The evidence shows that Rice was aware of the cocaine deal involving appellant, Henry, and Reynolds, and that she went to Corpus Christi with appellant to purchase the cocaine with the victims= money. She later used some of the cocaine and knew that appellant gave the rest away without collecting any money. She knew that appellant=s failure to repay Henry and Reynolds had led to hard feelings. Rice heard appellant and Lupe DeLaRosa discuss killing Henry and Reynolds, but she did not believe that they were serious. On the day of the murders, she was with Hernandez when he told Reynolds to come to the DeLaRosas=house. She was also present when appellant got the plastic sheeting that he later used to wrap the bodies. She was at the DeLaRosas= house when Henry and Reynolds arrived, but she left soon thereafter. She returned later after appellant called her, and she saw Reynolds=s body in the bedroom.[3] She then drove Joe DeLaRosa to her mother=s house, where they waited for the arrival of appellant, Hernandez, and Lupe DeLaRosa, who were disposing of Reynolds=s body. Later, she helped appellant abandon Reynolds=s car.

---

[3] Henry=s body had already been removed.

**5**

Rice=s complicity with appellant in the earlier drug deal did not make her an accomplice to the capital murders. *See Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). Under the authorities previously discussed, Rice=s knowledge of the scheme to kill Henry and Reynolds, her failure to disclose the scheme, and her actions following the murders did not, considered separately or together, make Rice an accomplice to the murders as a matter of law. Rice was convicted of tampering with physical evidence, but this was not a lesser-included offense of the capital murders and the conviction was based on Rice=s actions following the murders.

When, as here, it is not clear from the evidence that a witness was an accomplice to the crime, it was sufficient for the court to submit the question to the jury as a fact issue. *Worthen*, 59 S.W.3d at 821. The court did not err by refusing to instruct the jury that Rice was an accomplice as a matter of law. Issue three is without merit.

Finally, appellant complains of three instances of allegedly improper jury argument. The first instance occurred after the prosecutor reminded the jury of the medical examiner=s testimony regarding the absence of defensive wounds on Henry=s body. When the prosecutor began to explain to the jury what defensive wounds are, appellant objected that this was outside the record. The objection was sustained and the jury was instructed to disregard; appellant=s mistrial motion was overruled. The prosecutor went on to discuss, without further objection, the evidence that Henry had been forced to kneel at gunpoint before appellant hit him in the back of the head with the hammer, and thus had been unable to defend himself.

A mistrial is appropriate when error has occurred that is so prejudicial that continuing the trial would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). In most

**6**

cases of improper jury argument, an instruction to disregard will cure any error committed. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Any error in the prosecutor=s reference to defensive wounds was cured by the court=s instruction.

Next, appellant complains of the prosecutor=s statement that AI=ve been doing this a long time and . . . I don=t believe I have ever . . . proven to a Defense attorney beyond a reasonable doubt that anybody that they represent is guilty.@ Appellant objected that the prosecutor was striking at appellant over the shoulders of defense counsel. The objection was overruled.

It is improper for a prosecutor to accuse defense counsel of unethical conduct. *See Wilson v. State*, 938 S.W.2d 57, 58 (Tex. Crim. App. 1996) (defense counsel Awishes . . . that you turn a guilty man free@ because Ahe doesn=t have the obligation to see that justice is done@); *Fuentes v. State*, 664 S.W.2d 333, 335-38 (Tex. Crim. App. 1984) (repeated allegations of unethical conduct by defense counsel); *Anderson v. State*, 525 S.W.2d 20, 21-22 (Tex. Crim. App. 1975) (defense counsel accused of lying to jury). On the other hand, an argument that might appear to be directed at defense counsel may in fact strike only at his argument. *See Coble v. State*, 871 S.W.2d 192, 204-05 (Tex. Crim. App. 1993) (prosecutor responded to defense counsel=s argument by saying if neither law nor facts are on your side, Ayou argue something ridiculous@; no error to overrule objection that prosecutor was striking at counsel); *Howard v. State*, 896 S.W.2d 401, 404-05 (Tex. App.CAmarillo 1995, pet. ref=d) (analogizing defense tactic to Abunny trail@ and saying defense counsel raised Afalse issues@ was attack on argument, not counsel).

7

During their jury arguments in this cause, defense counsel stressed the absence of physical evidence linking appellant to the murders and asserted that the State had failed to prove either of the felonies underlying the capital murder allegations. Anticipating that he would be accused by the prosecutor of Anit-picking,@ one of appellant=s attorneys argued that Awhen you truly apply the definition of beyond a reasonable doubt, when you follow your oaths as jurors, those things matter.@ The prosecutor=s reply, that defense attorneys never believe their clients are guilty, did not accuse counsel of unethical conduct. Instead, the prosecutor attacked counsel=s argument by reminding the jury that a defense attorney=s role is to be a vigorous advocate for his client. The court did not reversibly err by overruling the objection.

Appellant=s remaining complaint is directed to the prosecutor=s reference to bullets found during a search of appellant=s residence by the police. Responding to defense counsel=s argument that there was no physical evidence linking appellant to the murders, the prosecutor argued that the bullets found by the police were the bullets Rice said were taken by appellant from Reynolds=s car on the day of the murders. Appellant objected that there was Aabsolutely no evidence to show those are the same bullets@ and that the prosecutor was Amisstating the evidence.@ The objection was sustained and the jury was instructed to disregard, but a motion for mistrial was overruled.

Rice testified that the bullets in question looked like the bullets appellant had taken. Thus, there was evidentiary support for the prosecutor=s argument and no basis for a mistrial. Appellant=s second issue does not present reversible error.

The indictment in this cause contained two counts alleging capital murder in the course of robbery and capital murder in the course of kidnapping. Both counts were submitted to the jury and guilty

**8**

verdicts were returned on both counts. The judgment of conviction recites that appellant was convicted on both counts. While there was no objection, appellant cannot be convicted twice for the same offense. *See* Tex. Const. art. I, ' 14; Tex. Code Crim. Proc. Ann. art. 1.10 (West 1977). The judgment is modified to reflect appellant=s conviction only for capital murder while committing or attempting to commit robbery as alleged in count one of the indictment; the conviction on count two is deleted. As modified, the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Modified and, as Modified, Affirmed

Filed:   October 17, 2002

Do Not Publish