TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00156-CR







Jason Wright aka Daniel Thomas Reich, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR2003-196, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Jason Wright guilty of aggravated kidnapping and aggravated
assault. See Tex. Pen. Code Ann. § 20.04 (West 2003), § 22.02 (West Supp. 2004-05). For each
offense, the court assessed a twenty-year prison term and a $10,000 fine. Wright urges that
accomplice testimony was not adequately corroborated, his confrontation right was violated by the
admission of testimonial hearsay, and the court erred by failing to find that the victim was released
in a safe place. We will affirm the convictions.

Wright and his girlfriend, Jessica Cowart, lived with Shelby King in King's house
near Canyon Lake. Their friends J. B. Louden and his girlfriend, Kendra Phillips, Eric Behrens and
his girlfriend, Jennifer Edwards, and Robert Hare, the complaining witness, lived in a nearby house. 
Another friend, Trae Smith, lived alone in a garage apartment in the same neighborhood. Hare was
a relative newcomer to this circle, and he appears to have been tolerated by the others because he had
the only driveable automobile.

Wright and his friends came to believe that Hare was stealing from them, and they
decided to confront Hare at King's house. (1) When Hare entered the room, Cowart accused him of
taking her jewelry. When Hare denied it, she slapped him. Wright, Louden, and Behrens then
attacked Hare, who fell to the floor and curled up in a defensive position. The three men took turns
hitting Hare with a set of brass knuckles. When not hitting Hare with their fists, they kicked him. 
Behrens produced a pair of handcuffs, which he and Wright placed on Hare's wrists. The beating
then continued. Smith struck Hare a few times, fearing that Wright, Louden, and Behrens would
attack him if he did not take part.

The assault continued for about twenty minutes. Wright and Louden then announced
their intention to kill Hare and throw him in the lake. They loaded Hare into the trunk of his car and
drove to Phillips's mother's house. (2) Wright and Louden told Phillips that Hare was in the trunk. 
She persuaded them not to hurt him further. Wright and Louden drove back to King's house, where
they released Hare from the trunk of the car and removed the handcuffs. Hare eventually managed
to leave the house and walk to a convenience store, where he called the police.

Behrens, Smith, and Phillips were among the State's witnesses. The court instructed
the jury that Behrens was an accomplice as a matter of law. Whether Smith and Phillips were
accomplices was submitted to the jury as a fact issue. In his first point of error, Wright contends that
the testimony of these accomplice witnesses was not corroborated as required by statute. See Tex.
Code Crim. Proc. Ann. art. 38.14 (West 2005) (accomplice witness rule); Cathey v. State, 992
S.W.2d 460, 462 (Tex. Crim. App. 1999) (standard of review).

Appellant does not contend that Smith and Edwards were accomplices as a matter of
law. To the extent that their testimony is necessary to sustain Wright's conviction, we must assume
that the jury found that they were not accomplices. Worthen v. State, 59 S.W.3d 817, 821 (Tex.
App.--Austin 2001, no pet.). In any event, Hare testified that Wright, Louden, and Behrens hit him,
and that Wright and Behrens handcuffed him. The officer who responded to Hare's call also testified
that Hare named these three men as his assailants. This testimony was sufficient to connect Wright
to the assault. Phillips testified that when Wright and Louden showed up at her mother's house,
Wright told her that Hare was in the trunk of the car. This was sufficient to connect Wright to the
kidnapping. Point of error one is overruled.

Louden and Cowart did not testify, but their written statements to the police were
introduced in evidence. In point of error two, Wright urges that the admission of these statements
violated his Sixth Amendment confrontation right. See Crawford v. Washington, 541 U.S. 36
(2004). Wright objected to the statements on hearsay grounds; he did not raise the confrontation
issue below. (3) The alleged error was not preserved for appeal. Tex. R. App. P. 33.1(a); Tex. R. Evid.
103(a). Point of error two is overruled.

Finally, Wright contends that the trial court erred by failing to find that Hare was
voluntarily released in a safe place. See Tex. Pen. Code Ann. § 20.04(d). Wright had the burden of
raising this issue at the punishment stage, which was before the court. Id. No additional evidence
was introduced by either party at this stage of the trial. Instead, the two sides argued their respective
views on the proper punishment. Wright did not mention safe release, much less argue that the
evidence called for such a finding, and thus did not raise the issue. Moreover, the evidence shows
that Hare was released from his physical restraints at the very house where, less than one hour
earlier, he had been severely beaten. His assailants were still present. The failure to find that Hare
was released in a safe place was not contrary to the great weight and preponderance of the evidence. 
See Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990) (standard of review). Point of
error three is overruled.

The judgments of conviction are affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 8, 2005

Do Not Publish
1. King was not involved in the incident. There was testimony that on the night in question,
Wright warned King to stay in his room no matter what he heard.
2. Phillips had spent the day with her mother, and she was not present during the assault.
3. Even constitutional error may be waived by a failure to object. Briggs v. State, 789 S.W.2d
918, 924 (Tex. Crim. App. 1990).