# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00156-CR

**Jason Wright aka Daniel Thomas Reich, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR2003-196, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jason Wright guilty of aggravated kidnapping and aggravated assault. *See* Tex. Pen. Code Ann. § 20.04 (West 2003), § 22.02 (West Supp. 2004-05). For each offense, the court assessed a twenty-year prison term and a $10,000 fine. Wright urges that accomplice testimony was not adequately corroborated, his confrontation right was violated by the admission of testimonial hearsay, and the court erred by failing to find that the victim was released in a safe place. We will affirm the convictions.

Wright and his girlfriend, Jessica Cowart, lived with Shelby King in King's house near Canyon Lake. Their friends J. B. Louden and his girlfriend, Kendra Phillips, Eric Behrens and his girlfriend, Jennifer Edwards, and Robert Hare, the complaining witness, lived in a nearby house. Another friend, Trae Smith, lived alone in a garage apartment in the same neighborhood. Hare was

a relative newcomer to this circle, and he appears to have been tolerated by the others because he had the only driveable automobile.

Wright and his friends came to believe that Hare was stealing from them, and they decided to confront Hare at King's house.[1] When Hare entered the room, Cowart accused him of taking her jewelry. When Hare denied it, she slapped him. Wright, Louden, and Behrens then attacked Hare, who fell to the floor and curled up in a defensive position. The three men took turns hitting Hare with a set of brass knuckles. When not hitting Hare with their fists, they kicked him. Behrens produced a pair of handcuffs, which he and Wright placed on Hare's wrists. The beating then continued. Smith struck Hare a few times, fearing that Wright, Louden, and Behrens would attack him if he did not take part.

The assault continued for about twenty minutes. Wright and Louden then announced their intention to kill Hare and throw him in the lake. They loaded Hare into the trunk of his car and drove to Phillips's mother's house.[2] Wright and Louden told Phillips that Hare was in the trunk. She persuaded them not to hurt him further. Wright and Louden drove back to King's house, where they released Hare from the trunk of the car and removed the handcuffs. Hare eventually managed to leave the house and walk to a convenience store, where he called the police.

Behrens, Smith, and Phillips were among the State's witnesses. The court instructed the jury that Behrens was an accomplice as a matter of law. Whether Smith and Phillips were accomplices was submitted to the jury as a fact issue. In his first point of error, Wright contends that

---

[1] King was not involved in the incident. There was testimony that on the night in question, Wright warned King to stay in his room no matter what he heard.

[2] Phillips had spent the day with her mother, and she was not present during the assault.

2

the testimony of these accomplice witnesses was not corroborated as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005) (accomplice witness rule); *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (standard of review).

Appellant does not contend that Smith and Edwards were accomplices as a matter of law. To the extent that their testimony is necessary to sustain Wright's conviction, we must assume that the jury found that they were not accomplices. *Worthen v. State*, 59 S.W.3d 817, 821 (Tex. App.—Austin 2001, no pet.). In any event, Hare testified that Wright, Louden, and Behrens hit him, and that Wright and Behrens handcuffed him. The officer who responded to Hare's call also testified that Hare named these three men as his assailants. This testimony was sufficient to connect Wright to the assault. Phillips testified that when Wright and Louden showed up at her mother's house, Wright told her that Hare was in the trunk of the car. This was sufficient to connect Wright to the kidnapping. Point of error one is overruled.

Louden and Cowart did not testify, but their written statements to the police were introduced in evidence. In point of error two, Wright urges that the admission of these statements violated his Sixth Amendment confrontation right. *See Crawford v. Washington*, 541 U.S. 36 (2004). Wright objected to the statements on hearsay grounds; he did not raise the confrontation issue below.[3] The alleged error was not preserved for appeal. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). Point of error two is overruled.

---

[3] Even constitutional error may be waived by a failure to object. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Finally, Wright contends that the trial court erred by failing to find that Hare was voluntarily released in a safe place. *See* Tex. Pen. Code Ann. § 20.04(d). Wright had the burden of raising this issue at the punishment stage, which was before the court. *Id.* No additional evidence was introduced by either party at this stage of the trial. Instead, the two sides argued their respective views on the proper punishment. Wright did not mention safe release, much less argue that the evidence called for such a finding, and thus did not raise the issue. Moreover, the evidence shows that Hare was released from his physical restraints at the very house where, less than one hour earlier, he had been severely beaten. His assailants were still present. The failure to find that Hare was released in a safe place was not contrary to the great weight and preponderance of the evidence. *See Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990) (standard of review). Point of error three is overruled.

The judgments of conviction are affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 8, 2005

Do Not Publish

4